JUDGE ABRAMS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

CARLOS CEDENO,

**14 CV 1592**

Plaintiff,

**COMPLAINT**

-against-

THE CITY OF NEW YORK and POLICE OFFICER
JOSUE PEREZ, Shield No. 007624, Individually and in
his Official Capacity,

**JURY TRIAL DEMANDED**

ECF CASE

RECEIVED
MAR 07 2014
S.D.N.Y.

Defendants.

------------------------------------------------------------X

Plaintiff CARLOS CEDENO, by his attorneys, COHEN & FITCH LLP, complaining of
the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

1.      Plaintiff brings this action for compensatory damages, punitive damages and
attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil
rights, as said rights are secured by said statutes and the Constitutions of the State of New York
and the United States.

### JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the
Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

2014 MAR 12 AM 10:02   CITY OF N.Y. LAW DEPT. OFFICE OF CORP. COUNSEL COMMUNICATIONS UNIT

## VENUE

4.     Venue is properly laid in the Southern District of New York under U.S.C. §1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.     Plaintiff CARLOS CEDENO is a Hispanic male and has been at all relevant times a resident of the City of Bronx and State of New York.

7.     Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9.     At all times hereinafter mentioned, the individually named defendant P.O. JOSUE PEREZ was a duly sworn police officer of said department and as acting under the supervision of said department and according to his official duties.

10.     At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

### The December 28, 2011 Arrest

13.     On or about December 28, 2011, at approximately 3:25 p.m., plaintiff CARLOS CEDENO was lawfully present in the vicinity of 475 East 185th Street, Bronx, New York.

14.     At the aforesaid time and place, plaintiff CARLOS CEDENO, was returning to his apartment after walking his dogs.

15.     Before plaintiff CARLOS CEDENO was able to reach his apartment door, he was accosted by defendant officers.

16.     Defendants slammed plaintiff against the wall and then placed him arrest handcuffing his arms tightly behind his back, and transported him to a nearby precinct.

17.     Plaintiff was charged with Criminal Sale of Marijuana and Criminal Possession of Marijuana.

18.     At no time on December 28, 2011, did plaintiff CARLOS CEDENO possess or sell marijuana nor did he behave unlawful in anyway.

19.     At no time on or about December 28, 2011, did defendants possess probable cause to arrest plaintiff.

20.    At no time on December 28, 2011, did defendant officers possess information that would lead a reasonable officer to believe plaintiff CARLOS CEDENO had engaged in any criminal or unlawful activity whatsoever.

21.    In connection with plaintiff's arrest, defendants filed false and misleading information to the District Attorneys Office stating in sum and substance that he observed plaintiff receive money from a separately apprehended individual in exchange for a small object.

22.    As a result of his unlawful arrest, plaintiff CARLOS CEDENO spent approximately two (2) days in custody and one (1) year making court appearances until all charges against him were dismissed on December 10, 2012.

23.    As a result of the foregoing, plaintiff CARLOS CEDENO sustained, *inter alia*, loss of liberty, emotional distress, mental anguish, shock, fright, apprehension, embarrassment and humiliation, and deprivation of his constitutional rights.

24.    As a result of the foregoing, plaintiff CARLOS CEDENO speaks with a social worker to address physiological impact of his unlawful arrest.

**The December 14, 2013 Arrest**

25.    On or about December 14, 2013, at approximately 1:00 p.m., plaintiff CARLOS CEDENO was lawfully present in the vicinity of 185th Street and Bassford Avenue, Bronx, New York, walking his dogs.

26.    At the aforesaid time and place, plaintiff CARLOS CEDENO was accosted by undercover defendant officers who did not identify themselves as police officers.

27.    Defendants pushed plaintiff against a wall, invasively searched in his underwear and placed plaintiff under arrest, handcuffing his arms tightly behind his back.

28.     At no time on December 14, 2013, did plaintiff CARLOS CEDENO behave unlawful in anyway.

29.     At no time on or about December 14, 2013, did defendants possess probable cause to arrest plaintiff nor did they have the requisite level of suspicion necessary to subject him to such an invasive search in public.

30.     At no time on December 14, 2013, did defendant officers possess information that would lead a reasonable officer to believe plaintiff CARLOS CEDENO had engaged in any criminal or unlawful activity whatsoever.

31.     As a result of his unlawful arrest, plaintiff CARLOS CEDENO spent a half (1/2) hour in custody.

32.     As a result of the foregoing, plaintiff CARLOS CEDENO sustained, *inter alia*, loss of liberty, emotional distress, mental anguish, shock, fright, apprehension, embarrassment and humiliation, and deprivation of her constitutional rights.

33.     As a result of the foregoing, plaintiff CARLOS CEDENO speaks with a social worker to address physiological impact of his unlawful arrest.

## FIRST CLAIM FOR RELIEF ARISING FROM THE DECEMBER 28, 2011 ARREST DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

34.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

35.     All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

36.     All of the aforementioned acts deprived plaintiff CARLOS CEDENO of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and

Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

37.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

38.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

39.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF ARISING FROM THE DECEMBER 28, 2011 ARREST
## FALSE ARREST UNDER 42 U.S.C. § 1983

40.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41.    As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

42.    As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF ARISING FROM THE DECEMBER 28, 2011 ARREST
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

43. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44. Defendants misrepresented and falsified evidence before the District Attorney.

45. Defendants did not make a complete and full statement of facts to the District Attorney.

46. Defendants withheld exculpatory evidence from the District Attorney.

47. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff CARLOS CEDENO.

48. Defendants lacked probable cause to initiate criminal proceedings against plaintiff CARLOS CEDENO.

49. Defendants acted with malice in initiating criminal proceedings against plaintiff CARLOS CEDENO.

50. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff CARLOS CEDENO.

51. Defendants lacked probable cause to continue criminal proceedings against plaintiff CARLOS CEDENO.

52. Defendants acted with malice in continuing criminal proceedings against plaintiff CARLOS CEDENO.

53. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

54. Specifically, defendants falsely and knowingly alleged, *inter alia*, that they observed plaintiff receive money from a separately apprehended individual in exchange for a small object.

55.     Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff CARLOS CEDENO's favor on or about December 10, 2012 when the charges against him were dismissed.

56.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

**FOURTH CLAIM FOR RELIEF ARISING FROM THE DECEMBER 28, 2011 ARREST**
**DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL UNDER 42 U.S.C. § 1983**

57.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "56" as if the same were more fully set forth at length herein.

58.     Defendants created false evidence against plaintiff CARLOS CEDENO.

59.     Specifically, defendants falsely and knowingly alleged, *inter alia*, that they observed plaintiff receive money from a separately apprehended individual in exchange for a small object.

60.     Defendants forwarded false evidence and false information to prosecutors in the District Attorney's office.

61.     Defendants misled the prosecutors by creating false evidence against plaintiff CARLOS CEDENO and thereafter providing false testimony throughout the criminal proceedings.

62.     In creating false evidence against plaintiff CARLOS CEDENO, in forwarding false evidence and information to prosecutors, and in providing false and misleading sworn statements, defendants violated plaintiff's constitutional right to a fair trial under the Sixth Amendment and Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

63.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

## FIFTH CLAIM FOR RELIEF ARISING FROM THE DECEMBER 28, 2011 ARREST
### MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

64.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

66.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

    i.   maintaining an "activity" quota mandating officers make a minimum number of arrests, issue a minimum number of summonses, and conduct a minimum number of "stop and frisks" on a monthly basis with deliberate indifference to training and supervising officers to ensure such actions are supported by the requisite cause or suspicion mandated by the Constitution;

    ii.  arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics and satisfy said quota; and

    iii. arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing.

67.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

68.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

69.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

70.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

71.     Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff CARLOS CEDENO's constitutional rights.

72.     The acts complained of deprived plaintiff of his rights:

     A.     Not to be deprived of liberty without due process of law;

     B.     To be free from seizure and arrest not based upon probable cause;

     C.     To be free from unlawful search;

     D.     Not to have summary punishment imposed upon him; and

     E.     To receive equal protection under the law.

73.     As a result of the foregoing, plaintiff is entitled to compensatory damages and is further entitled to punitive damages against the individual defendants.

## PENDANT STATE CLAIMS
## ARISING FROM THE DECEMBER 28, 2011 ARREST

74.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "73" with the same force and effect as if fully set forth herein.

75.     On or about December 13, 2012 and within (90) days after the claim herein accrued, the plaintiffs duly served upon, presented to and filed with defendant THE CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50 (e).

76.     Defendant THE CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

77.     Defendant THE CITY OF NEW YORK demanded a hearing pursuant to General Municipal Law § 50-h and a hearing took place on February 11, 2012.

78.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

79.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

80.     This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

### FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW ARISING FROM THE DECEMBER 28, 2011 ARREST MALICIOUS PROSECUTION

81.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "80" with the same force and effect as if fully set forth herein.

82.     On December 28, 2011, defendants commenced a criminal proceeding against plaintiff CARLOS CEDENO.

83.     Defendants lacked probable cause to commence said criminal proceeding against plaintiff CARLOS CEDENO.

84.    Defendants were motivated by actual malice in commencing said criminal proceeding against plaintiff CARLOS CEDENO.

85.    Plaintiff was forced to make an appearance in Criminal Court to defend himself against the unlawful prosecution initiated by defendants.

86.    On December 10, 2012, the criminal prosecution against plaintiff CARLOS CEDENO was terminated in his favor when the charges against him were dismissed.

87.    As a result of the aforementioned conduct, plaintiff suffered mental and physical injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

## SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW ARISING FROM THE DECEMBER 28, 2011 ARREST INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

88.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "87" with the same force and effect as if fully set forth herein.

89.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

90.    The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

91.    The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

92.    The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff.

93.    As a result of the aforementioned conduct, plaintiff suffered severe emotional distress and physical and mental injury together with embarrassment, humiliation, shock, fright and loss of freedom.

**THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW
ARISING FROM THE DECEMBER 28, 2011 ARREST
NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION**

94.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "93" with the same force and effect as if fully set forth herein.

95.    Defendant CITY OF NEW YORK selected, hired, trained, retained, assigned and supervised all members of its Police Department, including the defendants individually named above.

96.    Defendant CITY OF NEW YORK was negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of its Police Department including the defendants individually named above.

97.    Due to the negligence of the defendants as set forth above, plaintiff suffered physical and mental injury, pain and trauma, together with embarrassment, humiliation shock, fright, and loss of freedom.


**FIRST CLAIM FOR RELIEF ARISING FROM THE DECEMBER 14, 2013 ARREST
DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983**

98.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "97" with the same force and effect as if fully set forth herein.

99.    All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

100.    All of the aforementioned acts deprived plaintiff CARLOS CEDENO of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

101.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

102.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

103.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF ARISING FROM THE DECEMBER 14, 2013 ARREST
### FALSE ARREST UNDER 42 U.S.C. § 1983

104.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "103" with the same force and effect as if fully set forth herein.

105.    As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

106.    As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF ARISING FROM THE DECEMBER 14, 2013 ARREST
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

107.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "106" with the same force and effect as if fully set forth herein.

108.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

109.    The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

    iv.  maintaining an "activity" quota mandating officers make a minimum number of arrests, issue a minimum number of summonses, and conduct a minimum number of "stop and frisks" on a monthly basis with deliberate indifference to training and supervising officers to ensure such actions are supported by the requisite cause or suspicion mandated by the Constitution;

    v.   arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics and satisfy said quota; and

    vi.  arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing.

110.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

111.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

112.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

113.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

114.    Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff CARLOS CEDENO's constitutional rights.

115.    The acts complained of deprived plaintiff of his rights:

   F.    Not to be deprived of liberty without due process of law;

   G.    To be free from seizure and arrest not based upon probable cause;

   H.    To be free from unlawful search;

   I.    Not to have summary punishment imposed upon him; and

   J.    To receive equal protection under the law.

116.    As a result of the foregoing, plaintiff is entitled to compensatory damages and is further entitled to punitive damages against the individual defendants.

## FOURTH CLAIM FOR RELIEF ARISING FROM THE DECEMBER 14, 2013 ARREST FOR UNLAWFUL AND UNREASONABLE SEARCH UNDER 42 U.S.C. § 1983

117.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "116" with the same force and effect as if fully set forth herein.

118.    As a result of the forgoing plaintiff CARLOS CEDENO was subjected to an unreasonable and intrusive strip search that shocks the conscience in violation of his due process

rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

119.    As a result of the aforesaid conduct by defendants, plaintiff's person and possessions were illegally, improperly, and unreasonably searched without a valid warrant, probable cause, privilege, or consent, in violation of his constitutional rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

## PENDANT STATE CLAIMS ARISING FROM THE DECEMBER 14, 2013 ARREST

120.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "119" with the same force and effect as if fully set forth herein.

121.    On or about December 27, 2013 and within (90) days after the claim herein accrued, the plaintiffs duly served upon, presented to and filed with defendant THE CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50 (e).

122.    Defendant THE CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

123.    Defendant THE CITY OF NEW YORK demanded a hearing pursuant to General Municipal Law § 50-h and a hearing is scheduled to take place on March 13, 2014.

124.    This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

125.    Plaintiff has complied with all conditions precedent to maintaining the instant action.

126.   This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

### FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### ARISING FROM THE DECEMBER 14, 2013 ARREST
### ASSAULT

127.   Plaintiff repeats, reiterate and realleges each and every allegation contained in paragraphs numbered "1" through "126" with the same force and effect as if fully set forth herein.

128.   Defendants' aforementioned actions placed plaintiff in apprehension of imminent harmful and offensive bodily contact.

129.   As a result of defendants' conduct, plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### ARISING FROM THE DECEMBER 14, 2013 ARREST
### BATTERY

130.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "129" with the same force and effect as if fully set forth herein.

131.   Defendant police officers touched plaintiff CARLOS CEDENO in a harmful and offensive manner.

132.   Defendant police officers did so without privilege or consent from plaintiff.

133.   As a result of defendants' conduct, plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment and humiliation.

141.    As a result of the aforementioned conduct, plaintiff has suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

## FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW ARISING FROM THE DECEMBER 14, 2013 ARREST INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

142.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "141" with the same force and effect as if fully set forth herein.

143.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

144.    The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

145.    The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

146.    The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff.

147.    As a result of the aforementioned conduct, plaintiff suffered severe emotional distress and physical and mental injury together with embarrassment, humiliation, shock, fright and loss of freedom.

## SIXTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW ARISING FROM THE DECEMBER 14, 2013 ARREST NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION

148.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "147╪ " with the same force and effect as if fully set forth herein.

149.    Defendant CITY OF NEW YORK selected, hired, trained, retained, assigned and supervised all members of its Police Department, including the defendants individually named above.

150.    Defendant CITY OF NEW YORK was negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of its Police Department including the defendants individually named above.

151.    Due to the negligence of the defendants as set forth above, plaintiff suffered physical and mental injury, pain and trauma, together with embarrassment, humiliation shock, fright, and loss of freedom.

WHEREFORE, plaintiff respectfully requests judgment against defendants as follows:

   i.   an order awarding compensatory damages in an amount to be determined at trial;

   ii.  an order awarding punitive damages in an amount to be determined at trial;

   iii. reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

   iv.  directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
       March 7, 2014

BY:

GERALD COHEN
JOSHUA FITCH
COHEN & FITCH LLP
Attorneys for Plaintiff
233 Broadway, Suite 1800

New York, N.Y. 10279
(212) 374-9115
gcohen@cohenfitch.com
jfitch@cohenfitch.com

INDEX NO.

YEAR

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARLOS CEDENO,

Plaintiff,

-against-

THE CITY OF NEW YORK and POLICE OFFICER JOSUE
PEREZ, Shield No. 007624, Individually and in his
Official Capacity,

Defendants.

## SUMMONS AND COMPLAINT

### COHEN & FITCH LLP
*Attorney for* Plaintiffs
*Office and Post Office Address, Telephone*
233 Broadway - Suite 1800
New York, New York 10279
(212) 374-9115

Signature (Rule 130-1.1a)

Print Name Beneath

To
Attorney(s) for  Defendants

Service of a copy of the within is hereby admitted.          Dated

Attorney(s) for

PLEASE TAKE NOTICE

☐   NOTICE OF ENTRY

    that the within is a (certified) true copy of a
    duly entered in the office of the clerk of the within named court on                    20

☐   NOTICE OF SETTLEMENT

    that an order                                                    of which the within is a true copy
    will be presented for settlement to the HON.                     one of the judges of the
    within named Court, at
    on                             20                    at

Dated,

Yours, etc.